JP:KMT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 M 583**

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

FRANCIS JANOSKO,

        Defendant.

- - - - - - - - - - - - - - - - - -X

REMOVAL TO THE
DISTRICT OF
MASSACHUSETTS

(Fed. R. Crim. P. 5)

EASTERN DISTRICT OF NEW YORK, SS:

      James Richardson, being duly sworn, deposes and states that he is a Deputy United States Marshal, duly appointed according to law and acting as such.

      On or about June 8, 2012, an arrest warrant was issued by the United States District Court for the District of Massachusetts commanding the arrest of the defendant FRANCIS JANOSKO, for a violation of supervised release, pursuant to Title 18, United States Code, Section 3583.

      The source of your deponent's information and the grounds for his belief are as follows:

      1.  In or about December 2009, the defendant FRANCIS JANOSKO was convicted in the District of Massachusetts for Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 2, 1030(a)(5)(A)(I), (a)(5)(B)(i)(a)(5)(B)(v) & (b), and sentenced to an 18-month term of incarceration to be followed by 36 months of supervised release.

2. On June 8, 2012, the District Court for the District of Massachusetts issued an arrest warrant for the defendant FRANCIS JANOSKO for violating the conditions of his supervised release. A copy of the arrest warrant from the District of Massachusetts and a copy of the petition for the arrest warrant are attached hereto. Specifically, the arrest warrant charges that defendant FRANCIS JANOSKO was using a device connected to the internet without prior judicial approval, has not actively participated in sex offender treatment, has lied to the probation officer regarding his possession and use of a laptop computer, has failed to make a payment towards the cost of a required polygraph test, and has changed his residence without notifying the probation officer at least ten days in advance.

3. On the morning of June 19, 2012, Nassau County Police officers responded to a complaint regarding an individual who appeared to be living in a park in Merrick, New York. The individual was identified by Nassau County Police officers as defendant FRANCIS JANOSKO. Nassau County Police officers determined that there was an outstanding warrant for defendant FRANCIS JANOSKO's arrest, and JANOSKO was taken into custody. The Nassau County Police Department alerted United States Marshals in Central Islip, who took JANOSKO into custody.

4. Marshals in the District of Massachusetts provided our office with a picture of the defendant FRANCIS JANOSKO as well as his pedigree information, including his name, date of birth, social security number and FBI number. I identified

defendant FRANCIS JANOSKO using the photograph supplied by the Marshal Service in the District of Massachusetts.  Defendant FRANCIS JANOSKO provided his name and his date of birth, which also confirmed his identity.

   5. It is the desire of the United States Attorney for the District of Massachusetts that the defendant FRANCIS JANOSKO be removed in custody to that district for prosecution.

   WHEREFORE, it is requested that the defendant FRANCIS JANOSKO be dealt with according to law.

                     _____
                      JAMES RICHARDSON
                      Deputy Marshal
                      United States Marshals Service

Sworn to before me this
19th day of June, 2012

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

≈AO 442    (Rev. 05/07) Warrant for Arrest

# UNITED STATES DISTRICT COURT

| UNITED STATES DISTRICT COURT | District of | MASSACHUSETTS |

UNITED STATES OF AMERICA

V.

FRANCIS JANOSKO

**WARRANT FOR ARREST**

Case Number: 08-10323-GAO

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ **FRANCIS JANOSKO** _____
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment   ☐ Information   ☐ Complaint   ☐ Order of court

☐ Pretrial Release Violation Petition   ☐ Probation Violation Petition   **X** Supervised Release Violation   ☐ Violation Notice

charging him or her with (brief description of offense)
( See attached Petition for Warrant for Offender Under Supervision)

in violation of Title _____ United States Code, Section(s) _____

| PAUL S. LYNESS | *[signature]* Paul S. Lyness |
| Name of Issuing Officer | Signature of Issuing Officer |
| DEPUTY CLERK | 6/8/12   One Courthouse Way   Boston, MA 02210 |
| Title of Issuing Officer | Date and Location |

### RETURN

This warrant was received and executed with the arrest of the above-named individual at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

Prob 12C            - 3 -            **Petition and Affidavit for Warrant or Summons for Offender Under Supervision**

The term of supervision should be:
- [X] Revoked
- [ ] Extended for year(s), for a total term of years.
- [ ] The conditions of supervision should be modified as follows:

Reviewed/Approved by:

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

/s/ *Brian McDonald*
Brian McDonald
Supervising U.S. Probation Officer

By

/s/ *Jeffrey R. Smith*
Jeffrey R. Smith
Senior U.S. Probation Officer
Date: June 8, 2012

**THE COURT ORDERS**
- [ ] No Action
- [X] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [ ] Other

The Honorable George A. O'Toole Jr.
U.S. District Judge

6/15/12
Date

Prob 12C

- 2 -

Petition and Affidavit for Warrant or Summons
for Offender Under Supervision

      treatment provider reports that Mr. Janosko is disinterested in treatment and more focused on terminating his supervision early.

**III**    **Violation of Standard Condition of Supervised Release: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

    A.    Mr. Janosko has lied to the probation officer regarding his possession and use of a lap-top computer.

    B.    On March 9, 2012 Mr. Janosko was referred for a routine polygraph examination. Mr. Janosko was informed that he would be required to pay $250 towards the cost of the examination. Mr. Janosko was scheduled to take the examination on May 5, 2012. Mr. Janosko arrived at the examination without the required payment after he was initially told by the polygrapher that he didn't have a co-payment. On the day of the exam, Mr. Janosko was advised by the polygrapher that he was mistaken, and Janosko was required to make payment. The polygrapher instructed Mr. Janosko to make payment by the end of the month. On May 7, 2012 this officer advised Mr. Janosko that he needed to mail his payment immediately. Mr. Janosko later left this officer a message that he would mail his payment in at the end of the month. Mr. Janosko has failed to submit payment as instructed.

**IV**    **Violation of Standard Condition of Supervised Release: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

    The probation department was notified on June 8, 2012 that the defendant failed to appear for counseling the previous evening. After being unable to reach the defendant by phone, the probation officer spoke with his employer who reported that he did not report to work this date. The probation office contacted the New England Shelter for Homeless Veterans and they reported that Mr. Janosko left their program on June 7, 2012. Mr. Janosko has failed to notify the probation officer of a change of his address. His whereabouts are currently unknown.

**U.S. Probation Officer Recommendation:**

Prob 12C
DMA (3/2005)

# United States District Court
## for the District of Massachusetts
### Petition and Affidavit for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Francis Janosko      **Case Number:** 08-CR-10323

**Name of Sentencing Judicial Officer:** The Honorable George A. O'Toole Jr., U.S. District Judge

**Date of Original Sentence:** December 22, 2009

**Original Offense:** Intentional Damage to a Protected Computer, in violation of 18 U.S.C. § 1030(a)(5)(A)(i), (a)(5)(B)(i)(a)(5)(B)(v)& (b) and 2

**Original Sentence:** 18 Months of Imprisonment followed by 36 Months of Supervised Release

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** January 4, 2010

**Asst. U.S. Attorney:** Scott Garland      **Defense Attorney:** Jane Peachy

---

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| I | **Violation of Special Condition of Supervised Release:** The defendant is prohibited from using any device that is connected to the Internet, unless he has prior judicial approval, which should be limited to use for work or education-related purposes. |

On June 5, 2012 at approximately 6:35 PM, Officer Smith and Supervising Officer McDonald conducted an unannounced home visit at the New England Shelter for Homeless Veterans. Mr. Janosko was observed using a laptop computer that was connected to two external hard-drives and two cellular phones in plain view. Mr. Janosko was only authorized to use the computers at the Workplace Career Center.

II    **Violation of Special Condition of Supervised Release:** The defendant is to participate in a sex offender specific treatment program which may include sex offender specific testing at the direction of the Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

Mr. Janosko has been engaged in sex offender treatment since commencing his term of supervised release. Mr. Janosko made disclosures last October regarding unauthorized use of a computer at a Staples store to follow-up on an employment opportunity. During a meeting with Mr. Janosko and his treatment provider, he denied any other use of a computer and denied that he owned a lap-top computer. Since that time, Mr. Janosko has continued to deny computer use and has not actively participated in his sex offender treatment. His